UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

SEP 0 7 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-267-KSF

VIVIAN JANET BOWMAN                PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

NICK SCHWENDEMAN, ET AL.           DEFENDANTS

       Vivian Janet Bowman, the *pro se* plaintiff who lists her most current address as P.O. Box 185, Lexington, Kentucky, 40588, has submitted a three-page handwritten complaint [Record No. 1] and a two-page handwritten submission which the Court construes as an amended complaint [Record No. 3]. She does not state the basis of jurisdiction. Construed broadly, the plaintiff may be asserting claims under 42 U.S.C. §1983. She has filed a motion to proceed *in forma pauperis*, which the Court will address by separate Order.

       To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. She must show, first, that she has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving her of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

       The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). The plaintiff is not a prisoner; however, because she asks the Court to allow her to proceed without prepayment of fees on the basis of indigency, the Court is authorized to screen this case and to dismiss it at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon

which relief can be granted. 28 U.S.C. § 1915 (e)(1)(2)(B)(ii). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

## NAMED DEFENDANTS

The plaintiff has named the following defendants: (1) Nick Schwendeman, whom the plaintiff identifies as an agent or employee of the Webb Companies; (2) Craig Royce, whom the plaintiff identifies as an agent or employee of "Diversco"; (3) David Jackson, whom the plaintiff identifies as an agent or employee of "Diversco"; and (4) and Authur Smith.

## CLAIMS

The plaintiff alleges that on two dates (August 21, 2006 and August 24, 2006) the named defendants committed various acts against her while she was working as a janitor at the Lexington Financial Center. The actions she described consisted of physical attacks on her person; sexual harassment; improper sexual advances; threats against her life; threats about her employment; and slanderous comments.

## RELIEF REQUESTED

It appears that the only relief which the plaintiff seeks is an order imposing some type of criminal punishment on the defendants. She asks that she be allowed to "fight" the defendants.

## DISCUSSION

There are three reasons why the complaint must be dismissed. First, to prevail on a §1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996).

2

A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999) (quoting *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989)).

In *United States v. Lanier*, 33 F.3d 639 (6th Cir. 1994), vacated and docketed for appeal 43 F.3d 1033 (1995), the Court wrote:

> "An act is under color of law when it constitutes a "'[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)), *cert. denied*, 112 S. Ct. 1960 (1992). "[U]nder 'color' of law [also] means under 'pretense' of law." *Id.* (quoting *Screws*, 325 U.S. at 111). "Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it," but, "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws*, 325 U.S. at 111. "[I]ndividuals pursuing private aims and not acting by virtue of state authority are not acting under color of law purely because they are state officers." *Tarpley*, 945 F.2d at 809."

*Lanier*, 33 F.3d at 653.

Here, the defendants are identified as private individuals, not as persons acting under color of state law or in any manner that is attributable to the state. The plaintiff has alleged no facts which would satisfy any of the three tests articulated by the Supreme Court in determining whether a defendant's conduct can be fairly attributed to the state. *See West v. Atkins*, 487 U.S. 42, 450 (1988) (public function test); *Adickes v. S. H. Kresse's Co.*, 398 U.S. 144, 170 (1970) (the state compulsion test); and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961) (symbiotic relationship or nexus test).

Second, the plaintiff has not demonstrated what federal or constitutional right of hers

3

these defendants violated. When a plaintiff generally alleges that he has been deprived of rights and privileges secured by the federal Constitution and/or laws and/or amendment thereto, but the plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). The plaintiff's allegations do not support a claim under §1983 and are insufficient to raise a genuine issue of material fact. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

These concepts implicate the issue of subject matter jurisdiction, which is the unwaivable *sine qua non* for exercise of the federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. NY 1996) (citing Fed. R. Civ. P. 12(b)(1)). *Sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

The plaintiff has the burden to set out expressly affirmative allegations to establish that this Court has subject matter jurisdiction. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942). In *O'Connor v. United States*, 159 F. R. D. 22 (D.C. MD 1994), a complaint filed by a *pro se* attorney was dismissed for lack of subject matter jurisdiction. The court relied in part on language from *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827(1989), which set forth that:

> [a] patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See e.g., Hagans v. Lavine*, 415 U.S. 528, 536-537 [94 S. Ct. 1372, 1378-79, 39 L. Ed.2d 577] (1974) (federal courts lack power to entertain claims that are "so attenuated and insubstantial as to be absolutely devoid of merit") (citation omitted); *Bell v. Hood*, 327 U.S. 678, 682-683 [66 S. Ct. 773, 776, 90 L. Ed. 939] (1946).

490 U.S. at 327, n.6, 109 S. Ct. at 1832, n.6.

Although complaints filed by *pro se* litigants are held to a less stringent standard than those filed by legal counsel, the minimum pleading requirements of the federal rules must be satisfied. Given the facts alleged, the Court simply lacks jurisdiction to entertain the instant complaint.

Third, this Court cannot impose criminal penalties against the defendants through the mechanism of a civil rights action, absent actions amounting to contempt of court. The law is clear that authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502 (W.D. Wis. 1986).

Private parties have no right to file criminal complaints under 18 U.S.C. §§241-42 (the criminal analogue of 42 U.S.C. §1983 and *Bivens*). *Cok v. Cosentino* 876 F.2d 1 (1st Cir 1989); *see also Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) (summary judgment for defendants granted, "It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). There are numerous unpublished opinions of the Sixth Circuit which also stand for this proposition.[1] The plaintiff's construed request for criminal sanctions is denied.

The complaint against the defendants fails to state a claim upon which relief can be granted and must be dismissed. *See* 28 U.S.C. § 1915 (e)(1)(2)(B)(ii).

---

[1] *See Hermansen v. Chandler*, 211 F.3d 1269, **2 (6th Cir. (Ky.) April 28, 2000) (Unpublished Disposition); *Walker v. Minton*, 187 F.3d 639, **2 (6th Cir. (Ky.) July 7, 1999); *Merchant v. Patton*, 41 Fed. Appx. 801, 2002 WL 1792080, **1 (6th Cir. (Ky.) August 2, 2002); *Hamilton v. Reed*, 22 Fed. Appx. 551, 2001 WL 1539128 (6th Cir. (Ky.) November 30, 2001); *Franklin v. Henderson*, 15 Fed. Appx. 205, 2001 WL 861697 (6th Cir. (Ohio) June 20, 2001).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   This action [06-CV-267-KSF] is **DISMISSED WITH PREJUDICE**.

(2)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This _____ day of September, 2006.

KARL S. FORESTER, SENIOR JUDGE