UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D
SEP 1 8 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-267-KSF

VIVIAN JANET BOWMAN                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

NICK SCHWENDEMAN, ET AL.                                           DEFENDANTS

      Vivian Janet Bowman, the *pro se* plaintiff, has filed a four-page handwritten motion in which she asks the undersigned to recuse himself and asks that her case be assigned to another judge [Record No. 7]. Plaintiff alleges that the undersigned has demonstrated bias, prejudice and "unreasonable hate" toward her, presumably by reason of having dismissed her complaint in this proceeding. Additionally, the plaintiff blames the undersigned for refusing to enter an order reopening her Fayette Circuit Court divorce proceeding so that she could obtain a portion of her former spouse's military retirement benefits under Uniformed Services Former Spouses' Protection Act, 10 U.S.C. §1408 *et seq*.[1]

---

[1]

      The plaintiff unsuccessfully sought this relief in a civil action which she filed in this Court earlier this year, *Bowman v. Mazurka*, Lexington Civil Action No. 06-CV-18-KSF. When the Court dismissed that proceeding on May 31, 2006, it noted that under the *Rooker-Feldman* doctrine it simply did not have subject matter jurisdiction to enter orders affecting a state court divorce proceeding [*see* Mem. Op. & Ord., 06-CV-18-KSF, Record No. 9, pp. 6-7].
      The Court explained to the plaintiff that under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923) [*see Id.*, Mem. Op. & Ord.].

The federal statute which governs recusal of a judge is 28 U. S. C. §455, which provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) *Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;*
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
> (ii) Is acting as a lawyer in the proceeding;
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
>
> (c) A judge should inform himself about his personal and fiduciary financial

interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household. {Emphasis added}

Under 28 U.S.C. §455(a), recusal is warranted where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Union Planters Bank*, 115 F.3d. at 383 (quoting *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir.1993), *cert. denied*, 510 U.S. 1163, 114 S. Ct. 1188 (1994)).

The undersigned has no bias against, hate, or any personal disdain for the plaintiff. The Court recognizes that some persons who are parties to state court proceedings are often unhappy with the outcome of their state court case and therefore seek relief here in federal court. The Court has sympathy for any litigant who feels aggrieved and perceives that he or she has not recovered his or her "due" or legal entitlement in the state courts. This is particularly so in the context of an acrimonious divorce proceeding involving a marriage of some duration.

The federal court is not, however, a sanctuary of last resort where one can "right all wrongs" alleged to have been committed in a state court proceeding. This Court must comply with legally established limitations which dictate the kinds of cases it can entertain. Unfortunately for Plaintiff Bowman, this Court is not authorized to correct any alleged deficiencies with the outcome of her divorce proceeding.

With those considerations in mind, the undersigned finds that the allegations contained in the plaintiff's current filing fail to indicate any reason why his impartiality might reasonably be questioned. The plaintiff's allegations amount to no more than an expression of her dissatisfaction with the undersigned's prior rulings. However, "judicial rulings alone almost

3

never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994), and the judicial rulings complained of in this case are no exception. *See also Briggs v. Peck, Shaffer & Williams, L.L.P.*, 2004 WL 950074, *2 (6th Cir.(Ohio)). The Court will therefore deny the plaintiff's motion for recusal and reassignment of the case [Record No.7].

## CONCLUSION

Accordingly, **IT IS ORDERED** that the plaintiff's "Motion for Recusal and Reassignment" [Record No. 7] is **DENIED**.

This \_\_\_15\_\_\_ day of September, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

4